IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFERY T. ARRINGTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0213 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JEFFERY T. ARRINGTON. By his habeas application, petitioner challenges a December 10, 2004 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of extortion of money, a Level 2, Code 5.1 offense. Petitioner was punished with the forfeiture of 180 days previously accrued good time credits.[1]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on January 1, 2005. Petitioner then filed a Step 2 grievance which was denied on February 24, 2005. For the reasons hereinafter set forth, it is the opinion of the

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

HAB54\DISCIP\R&R\MERITS\ARRINGTON213.DNY:3

undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

## I.
## STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 362nd Judicial District Court of Denton County, Texas. In *The State of Texas v. Jeffery T. Arrington*, No. F-96-0662-D, petitioner pleaded guilty to the offense of burglary of a habitation, and on February 11, 1999, petitioner was sentenced to a term of imprisonment of fifteen (15) years. Petitioner is also in the lawful custody of the TDCJ-CID as a result of a two (2) judgments and sentences out of the 292nd Judicial District Court of Dallas County, Texas. In both cases styled *The State of Texas v. Jeffery T. Arrington*, Nos. F-9702385-TV and F-9702386-TV, petitioner was charged with and pleaded guilty to the offenses of driving while intoxicated. On October 3, 1997, petitioner was sentenced to two (2) terms of imprisonment of ten (10) years each, such terms to be served concurrently.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20050094457 in the following respects:

1.  His conviction was obtained as a result of an improper search and seizure;

2.  His conviction was obtained by a grand or petit jury which was unconstitutionally selected and impaneled;

3.  His due process rights were violated because the disciplinary officer failed to speak with his uncle and the charging officer;

4.  The disciplinary charge against him was defective because it alleged the wrong offense code.

Respondent has listed petitioner's allegations as follows:

1.  His due process rights were violated when:
    a.  the disciplinary hearing officer failed to speak to his uncle, and
    b.  his counsel substitute did not object to the charge; and

2.  There was insufficient evidence to support the hearing officer's guilty finding and punishment assessment.

III.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28

U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

As stated previously, petitioner filed Step 1 and Step 2 grievances in an attempt to appeal the finding of guilt through the prison or TDCJ grievance procedure. Such grievances were denied on January 1, 2005 and February 24, 2005 respectively. However, nowhere in such "appeals" did petitioner raise the allegations asserted in Grounds 1 and 2 of this petition. It appears to the Court that Grounds 1 and 2 were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities. Claim 3 does not appear exhausted and Claim 4, if grieved, appears only to have been presented in Step 1. For this reason, petitioner's claims 1 and 2 should be dismissed for failure to exhaust.[3] The Court will address petitioner's third and fourth claims.

## IV.
## MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary

---

[2] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

[3] Petitioner's first two claims are inapplicable to his challenge to the disciplinary adjudication. Petitioner has not provided any support for either of those two claims and the Court can only speculate as to why such claims have been presented. Inasmuch as these claims are without any basis whatsoever, they are without merit.

evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, petitioner appears to aver in his third claim, that his due process rights were violated under *Wolff*, because he was denied an opportunity to call and/or the hearing officer failed to call a certain witness, petitioner's uncle. Nowhere in the disciplinary hearing records provided by respondent does it appear petitioner ever requested the hearing officer call petitioner's uncle as a witness. In light of the fact that petitioner admitted both verbally and in writing that he attempted to obtain money from his uncle in a deceitful manner, it appears any testimony by the uncle would have been irrelevant to the outcome of the hearing. Further, petitioner has not shown prejudice because he has failed to apprise the Court what the uncle's testimony would have been which was relevant to petitioner's case. The record does not indicate petitioner was denied any witnesses or documentary evidence, and petitioner has failed to show he was prejudiced because his uncle was not called.

Additionally, the right to call witnesses at a prison disciplinary hearing is not absolute. Prison officials may deny a request when the projected testimony is irrelevant, is unnecessary, or creates a hazard to institutional safety or correctional goals. In *Ponte v. Real*, 471 U.S. 491, 499,

105 S.Ct. 2192, 2197, 85 L.Ed.2d 553 (1985), the Supreme Court remarked that the discretion of prison officials was so broad that "it may be that a constitutional challenge to a disciplinary hearing [based upon an inmate's right to call witnesses] . . . will rarely, if ever, be successful." This case does not present one of those rare instances where the denial of witnesses, even if such was erroneous, justifies relief to petitioner. This claim is without merit.

Petitioner argues in his fourth ground that the disciplinary charge against him was defective because it alleged the wrong offense. Specifically, petitioner avers, "the content of the letter [sent to his uncle] does not include coercion, violence or threats of violence with intent to deprive the owner of currency" and thus he was improperly charged with extortion of money. (Petitioner's Memorandum at 4). The December 2003 Disciplinary Rules for Offenders Handbook defines offense 5.1 "Extortion of money" as, "Appropriation of currency by coercion, deception or violence, with intent to deprive the owner of the currency." The Disciplinary Rules were revised in January 2005 and the 5.1 violation for "Extortion of money" was revised to read, "Appropriation of currency by coercion, violence, or threats of violence, with intent to deprive the owner of the currency." Petitioner appears to rely on the newer version of the Rules to argue that deletion of the word "deception" from the Disciplinary Rules is somehow relevant to this case. Respondent has confirmed that this word was deleted from the Rules but has argued petitioner's argument is misplaced because the revised rules did not go into effect until after petitioner's disciplinary case was charged and decided. Moreover, the response to petitioner's Step 2 grievance stated, "You attempted to receive money by deception. You have been properly charged." (Disciplinary Grievance records provided by respondent at 2). The term

deception was still included in offense 5.1 at the time of petitioner's disciplinary hearing.

It is not debated that petitioner intended to deprive his uncle of the money. It does not appear petitioner used violence to deprive his uncle of the money although he definitely attempted to deceive and apparently coerce him. Coerce, as defined by the 1984 Webster's II New Riverside University Dictionary, means, "To force to act or think in a given way by pressure, threats, or intimidation." Petitioner admits he lied to his uncle and in fact the letter states, "The money [in petitioner's TDCJ account] is frozen till I leave here and if I can't get the difference of the $2500 I need to leave the State I go to a halfway house in Dallas, man....In the meantime I'm running out of time. It takes 6-8 weeks to process my paperwork out of State Robert, so the sooner I've got the money the better." (Disciplinary Hearing Records provided by respondent at 13). It is not unreasonable to construe this evidence as indicating petitioner deceptively pressured his uncle to send the money and send it quickly. This constitutes some evidence and was sufficient to have found petitioner guilty. This claim must fail.

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JEFFERY T. ARRINGTON is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

 IT IS SO RECOMMENDED.

 ENTERED this 22nd day of August 2006.

          */s/ Clinton E. Averitte*
          CLINTON E. AVERITTE
          UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

 Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).